UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
S2 ART GROUP, LTD,

    Plaintiff,

-against-

DAVID & GOLIATH, INC. and TODD GOLDMAN,

    Defendants,
------------------------------------------------------------
DAVID & GOLIATH, INC.,

    Counter-Plaintiff,

-against-

S2 ART GROUP, LTD.,

    Counter-Defendant,

-and-

RE GALLERY/ATELIER, INC., JACK GALLERY, LTD., and JACK SOLOMON,

    Third-Party Defendants.
------------------------------------------------------------x

ECF Case

No. 09-CV-4763 (CM)

**STIPULATED PROTECTIVE ORDER**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/14/09

  IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, that:

  1. Any party, or non-party, that produces information in connection with this case orally during testimony at depositions, in writing or through the production of documents or otherwise during this proceeding that it reasonably believes in good faith to be confidential or highly confidential may designate such information for protection under this order, and the information so designated ("Protected Material") shall thereafter be subject to the provisions of this Stipulated Protective Order.

1

2. Protected Material may be designated by the party producing it as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS EYES ONLY" at the time that a response to discovery is made by placing or affixing a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" notice, as appropriate, in writing on documents containing such Protected Material, except that in the case of depositions, the party's counsel wishing to designate portions of a deposition as containing Protected Material may do so by making an appropriate statement at the time of the giving of such testimony, or by notifying opposing counsel in writing within 15 days of receipt of the transcript. Pending such 15-day review period, all materials contained in the transcript and exhibits are to be treated as HIGHLY CONFIDENTIAL –ATTORNEYS EYES ONLY. Any designation of Protected Material that is inadvertently omitted during document production may be corrected by written notification to opposing counsel, and such documents shall thereafter be treated as Protected Material in accordance with the provisions of this Stipulated Protective Order.

3. Protected Material classified CONFIDENTIAL under paragraph 2 hereof may be disclosed only to the following persons, except upon the prior written consent of the designating party or upon order of this Court:

(a) the Court;

(b) outside counsel of record and in-house counsel for the parties and the necessary clerical and legal support personnel employed by such counsel;

(c) those employees of the parties who are participating in this proceeding by serving as witnesses, preparing discovery materials, reviewing internal

2

business documents including accounting documents in preparation for legal proceedings relevant to the instant action;

(d) witnesses during the course of their depositions, provided that the witness agrees in writing to be bound by this Stipulated Protective Order by executing a copy of the declaration attached hereto as Exhibit A prior to the disclosure of those Protected Materials. Such witness shall not be permitted to retain possession of any Protected Material following completion of his or her deposition; and

(e) independent consultants and experts retained by counsel of record to assist in connection with this action, subject to the provisions contained in paragraph 6 of this Stipulated Protective Order.

4. Protected material classified HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY under paragraph 2 may not be disclosed by any person to anyone other than:

(a) the Court;

(b) outside counsel of record and the necessary clerical and legal support personnel employed by such counsel;

(c) witnesses during the course of depositions, provided that the witness agrees in writing to be bound by this Stipulated Protective Order by executing a copy of the declaration attached hereto as Exhibit A prior to the disclosure of those Protected Materials. Such witness shall not be permitted to retain possession of any Protected Material following completion of his or her deposition; and

(d) independent consultants and experts retained by counsel of record to assist in connection with this action, subject to the provisions contained in paragraph 6 of this Stipulated Protective Order.

5. Counsel of record for the receiving party shall provide to counsel of record for the producing party copies of all non-disclosure agreements (Exhibit A) executed pursuant to this Stipulated Protective Order.

6. CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material shall be stored under the direct control of outside counsel for a party, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Stipulation.

7. No CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material shall be filed in the public record of this matter. All information subject to CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY information shall be filed under seal. Where possible, only CONFIDENTIAL or HIGHLY CONFIDENTIAL –ATTORNEYS EYES ONLY portions of filings with the Court shall be filed under seal.

8. A party that designates information as Protected Material shall have a reasonable basis for believing, in good faith, that the information requested is confidential, proprietary or commercial information upon which restrictions to access should be imposed. In the event that a receiving party shall at any time disagree with the

designation by the producing party of any information as Protected Material, then the parties will first try, in good faith, to resolve such dispute on an informal basis before presenting the dispute to the Court for resolution in accordance with the individual practices of the Court. The Court may then determine whether the information should be considered Protected Material and, if so, may rule on what restrictions to access or disclosure should be imposed, if any. No party shall be obligated to challenge the propriety of the designation of Protected Material at the time of production, and a failure to do so shall not preclude a subsequent challenge as to the propriety of such designation.

9. Each person who has access to information that has been designated as Protected Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If, in connection with this litigation, a party inadvertently discloses information that is designated as Protected Material, subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

13. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

15. This Stipulated Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained in it after notice to the other party. This Stipulated Protective Order is without prejudice to the right of any party to move for a separate protective order relating to any particular document or information, including restrictions different from those specified herein, and/or to present other appropriate motions.

16. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

(a) was, is or becomes public knowledge, not in violation of this Stipulated Protective Order;

6

(b) is acquired by the non-designating party from a third party having the right to disclose such information or material; or

(c) was lawfully possessed by the non-designating party other than by virtue of this proceeding prior to full execution of this Stipulated Protective Order by the parties.

17. This Stipulated Protective Order shall survive the termination of this litigation.

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: October 7, 2009
New York, New York

EDWARD C. GREENBERG, P.C.

*/s/ Edward C. Greenberg*

Edward C. Greenberg (ECG-5533)
570 Lexington Avenue, 12th Floor
New York, NY 10022
Tel: (212) 697-8777
Attorney for Plaintiff, Counter-Defendant and Third-Party Defendants Counterclaimant

COWAN, LIEBOWITZ & LATMAN, P.C.

*/s/ Ronald W. Meister*

Arlana S. Cohen (asc@cll.com)
Ronald W. Meister (rwm@cll.com)
1133 Avenue of the Americas
New York, NY 10036
Tel: (212) 790-9237
Attorneys for Defendants and

SO ORDERED this 13 day of October, 2009

*/s/ Colleen McMahon*

Hon. Colleen McMahon, U.S.D.J.

*Counsel should understand that the court may conclude that material incorporated into papers is not protected under this order.*

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

S2 ART GROUP, LTD,

        Plaintiff,

    -against-

DAVID & GOLIATH, INC. and TODD GOLDMAN,

        Defendants.

-------------------------------------------------------------

DAVID & GOLIATH, INC.,

        Counter-Plaintiff,

    -against-

S2 ART GROUP, LTD.,

        Counter-Defendant,

    -and-

RE GALLERY/ATELIER, INC., JACK GALLERY, LTD., and JACK SOLOMON,

        Third-Party Defendants.

-------------------------------------------------------------X

ECF Case

No. 09-CV-4763 (CM)

    I, _____, hereby acknowledge that I have read the Stipulated Protective Order entered in the above-entitled proceeding and will not, directly or indirectly, use or allow use for any purpose or disclose to any person for any purpose, any Protected Material covered by the aforesaid Order except as provided in said Order and not for any business or other purpose whatsoever. I hereby agree to be

8

bound by the terms of said Order, submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and understanding that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated:_____ By:_____
                                 Firm or Affiliation: